**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **TAC GROUP LIMITED** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:10-cv-2696** |
| | § | |
| **FEDERAL INSURANCE COMPANY** | § | **JURY** |
| **AND JOE GORDON** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Federal Insurance Company ("Federal") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as follows:

**I.**
## PROCEDURAL HISTORY

1.      Plaintiff TAC Group Limited filed its Original Petition and Request for Disclosure in the 281st District Court of Harris County, Texas on June 16, 2010. Plaintiff's Original Petition incorrectly named both "Chubb Insurance Solutions Agency, Inc. a/k/a/ Chubb Group of Insurance Companies and Federal Insurance Company" as Defendants.[1] Counsel for Defendants informed Plaintiff's counsel the proper entity was Federal Insurance Company via a July 9, 2010 phone call. On July 12, 2010, Defendant forwarded Plaintiff a letter, memorializing the conversation and agreements of July 9, 2010.[2] The letter requested Plaintiff counsel's signature agreeing to substitute the correct Chubb entity.[3] In addition to signing the agreement, Plaintiff's counsel filed Plaintiff's First Amended Petition on July 13, 2010. In this First

---

[1] Plaintiff's Original Petition and Request for Disclosure, attached as Exhibit "B."
[2] Attached as Exhibit "F."
[3] *Id.*

Amended Petition, Plaintiff removed the Chubb entity named in error, leaving Federal Insurance Company as the property Defendant and Plaintiff named individual handler Joe Gordon for the first time.[4]

2.     Federal filed an Original Answer, Affirmative Defenses, and Jury Demand in the State Court Action on July 26, 2010.  Federal filed a Notice of Removal in the State Court Action on July 29, 2010.

3.     This Notice of Removal is filed within the thirty-day statutory time period for removal.  28 U.S.C. § 1446(b). Copies of the pleadings filed in the State Court Action, prior to this Notice of Removal, are attached as Exhibits "A" (Docket Sheet), "B" (Plaintiffs' Original Petition), "C" (Plaintiff's First Amended Petition), "D" (Civil Citation upon Chubb), and "E" (Defendant, Federal Insurance Company's and Joe Gordon's Original Answer, Affirmative Defenses, and Jury Demand).

## II.
## NATURE OF THE SUIT

4.     This lawsuit involves the alleged disappearance of a containerized data center constructed by Verari Systems, Inc. ("Verari") and its subcontractor Legacy Automation Power & Design.  According to Plaintiff's Petition, on April 29, 2009 TAC Group Limited ("TAC") purchased the system for $750,000 from Verari and also entered into a Master Equipment Lease. The lease provided for a monthly rental of $30,500 to be paid each month for thirty-six months. Sometime in December 2009, the data center allegedly disappeared.  According to Plaintiff's Petition, TAC then filed a claim with Federal, which was denied.  Plaintiff now brings this suit seeking damages for breach of contract, breach of warranty, negligence, fraud, common law bad

---

[4] Plaintiff's First Amended Petition and Request for Disclosure, attached as Exhibit "C."

faith, violations of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices – Consumer Protection Act ("DTPA").

### III.
### BASIS FOR REMOVAL

5.      This Court has original jurisdiction under 28 U.S.C. § 1332 over this civil action, and the action may be removed by Defendant pursuant to 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6.      Removal based on diversity of citizenship may only be effectuated if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought.[5]  The district courts of the United States have original jurisdiction over this action based on complete diversity, in that Defendant Federal is now, and was at the time this action was commenced, diverse in citizenship from Plaintiff.  Federal is not a citizen of the State of Texas.

7.      According to its Petition, Plaintiff is a Texas limited partnership doing business in Harris County, Texas.  Thus, Plaintiff was at the time this suit was filed and is now a citizen of the State of Texas.

8.      Defendant Federal is an Indiana corporation with its principal place of business in Warren, New Jersey.  Therefore, pursuant to 28 U.S.C. § 1332(c)(1) Federal was at the time this action was commenced and is now a citizen of Indiana and New Jersey.

9.      Removal is proper because, under 28 U.S.C. § 1332, the parties are now, and were at the time the lawsuit was filed, completely diverse in citizenship.[6]

---

[5]28 U.S.C. § 1441.
[6]*See* 28 U.S.C. § 1441.

10.     Although Plaintiff's Petition is silent as to the amount of actual damages sought in this action, its Petition nevertheless reveals that the amount in controversy exceeds $75,000. Specifically, Plaintiff's Petition alleges that the basis of this action is a $750,000 piece of equipment leased by Plaintiff to Verari Systems, Inc.[7]  The lease also included monthly rent payments of $30,550 per month, over the course of thirty-six months.[8]

11.     Plaintiff seeks actual damages, consequential damages, punitive damages, attorney's fees, and statutory penalties under the Texas Insurance Code and Texas Deceptive Trade Practices – Consumer Protection Ace ("DTPA").  Plaintiff further alleges that Defendant knowingly and intentionally violated the Texas Insurance Code, knowingly and intentionally violated the Texas Deceptive Trade Practices Act, committed fraud by material misrepresentation and breached the duty of good faith and fair dealing.  Finally, Plaintiff alleges that such conduct by Federal was apparently so egregious that Plaintiff should be awarded punitive damages.  When a plaintiff's pleadings do not allege a specific amount of damages, the removing party defendant must only prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[9]  Accordingly, the alleged damages in this action will likely exceed $75,000, exclusive of interest and costs.[10]

12.     Defendant Joe Gordon was one of Federal's claim representatives assigned to handle Plaintiff's claim.  Although Gordon is a Texas citizen and resident, Plaintiff has not asserted any valid individual claims against him, nor has it pleaded any factual allegations against him with any specificity.  As such, Federal contends Gordon has been joined in an improper effort to defeat diversity.  A defendant may be disregarded as a party if the court

---

[7] *See* Exhibit C at page 3.
[8] *Id.*
[9] *See DeAguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994).
[10] *See Chittick v. Farmers Ins. Exchange*, 844 F. Supp. 1153, 1155-56 (S.D. Tex. 1994).

determines that his joinder is an improper device to defeat diversity jurisdiction and prevent removal.[11]

## IV.
## AUTHORITY FOR REMOVAL

### A.    No Specific Allegations Against Joe Gordon

13.    Plaintiff's Original Petition is completely devoid of any reference of Joe Gordon. Plaintiff's First Amended Petition only specifically mentions Gordon's name three times in its entire Petition:  1) when Plaintiff identifies Gordon as a defendant in the lawsuit,[12] 2) when Plaintiff identifies where Gordon may be served,[13] and 3) to assert that "Defendant Joe Gordon is defendant's employee and responsible for handling this claim."[14]  Otherwise, the only arguable reference to Gordon would be wherein Plaintiff references "Defendants" in plural.  But even then, Plaintiff confuses the singular and plural of "Defendant" throughout its amended petition.

14.    Including Gordon by reference to Defendants "plural" along with a recitation of the statutory provisions fails to state a claim upon which relief can be granted.  Plaintiff's First Amended Petition is devoid of any factual specificity as to Gordon as the factual section of Plaintiff's petition revolves around the alleged actions or inactions of Federal.[15]  Removal was held by the Fifth Circuit to be proper upon an analogous situation in *Griggs v. State Farm Lloyds*.[16]

---

[11] *Madison v. Vintage Pet., Inc.*, 114 F.3d 514 (5th Cir. 1997); see also *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 571 (5th Cir. 2004) (adopting the term "improper joinder" as being more consistent with statutory language than "fraudulent joinder," which has been used in the past).
[12] Exhibit C at page 2.
[13] *Id.*
[14] *Id.* at page 3.
[15] *See* Exhibit C pages 2-4.
[16] *Griggs v. State Farm Lloyds*, 181 F.3d 694 (5th Cir. 1999).

**B.    Fraudulent Joinder is Improper**

15.    In *Griggs,* an insured sued State Farm Lloyds as well as his insurance agent based on denial of benefits under his homeowners' insurance policy with State Farm Lloyds.[17]  Just as in this case, Griggs brought suit against State Farm and his insurance agent for breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code and DTPA.  The Fifth Circuit noted that, to determine whether the non-diverse defendant was improperly joined, the Court must determine if there is any reasonable basis for predicting that the Plaintiff might be able to establish the non-diverse defendant's liability on the **pleaded claims in state court.**[18]  In *Griggs* and in the case at bar, the petition named the non-diverse individual as a defendant but did not allege any actionable facts specific to the individual.[19]  Also, the remainder of the pleading in *Griggs,* and Plaintiff's pleading herein, referred to conduct of "Defendants" in the processing and ultimate denial of the plaintiff's claim.[20]  The Fifth Circuit determined that the petition must provide sufficient factual information that enables a defendant to prepare a defense.

15.    Although Griggs involved an insurance agent, and Plaintiff asserts claims against an internal Federal claims handler, it is merely a difference without a distinction.[21]  Regardless of Gordon's status in this case, coupled with the fact that at all times relevant hereto Gordon was acting within the cause and scope of his employment with Federal, Plaintiff has failed to state any actionable cause of action against Gordon which could result in damages from Gordon, individually.  An almost identical petition was held improper by a Southern District Court, where

---

[17] *Id.*
[18] *Id.* at 699.
[19] *Id.*
[20] *Id.*
[21] *See, e.g., Druker v. Fortis Health,* No. L-06-00052, 2006 WL 2022891 (S.D. Tex. 2006); *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.,* No. H-09-1728, 2009 WL 3602043 (S.D. Tex. 2009).

the petition named an individual defendant and then generally used the "Defendants" for the rest of the petition.[22]   Therefore, because Plaintiff's pleading herein fails to assert any factual allegations against Gordon, much less any actionable allegations, Gordon may be disregarded as he was improperly joined to defeat diversity.

16.     In addition, the DTPA requires proof that the defendant's conduct was the cause in fact of actual damages.[23]   As in *Griggs*, Plaintiff claims to have been injured by Federal's failure to pay its claim.   This is not a case like *Garrison*[24] or *Gros*,[25] in which the plaintiff identifies a particular representation which is causally connected to the damages sustained. Plaintiff's DTPA claim fails because Plaintiff has failed to allege any facts that caused the injury alleged by Plaintiff.   Accordingly, there is no conceivable basis in law or fact to establish Gordon's liability.

17.     Because Plaintiff has not pled any factual allegations against Defendant Gordon, there is no reasonable basis for predicting that the Plaintiff might be able to establish the non-diverse Defendant's liability on the pleaded claims in state court.   Plaintiff has no possibility of recovering against this fraudulently joined Defendant and the non-diverse fraudulently joined Defendant may be disregarded for purposes of determining diversity.[26]   In these situations, and analyzing similar petitions, Southern District courts have frequently ruled that joinder was improper.[27]

---

[22] *Druker v. Fortis Health*, No. L-06-00052, 2006 WL 2022891 (S.D. Tex. 2006).
[23] *2 Fat Guys Inv., Inc. v. Klaver*, 928 S.W.2d 268, 272 (Tex.App.-San Antonio 1996, no writ).
[24] *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex.1998).
[25] *State Farm Fire & Cas. Co. v. Gros*, 818 S.W.2d 908 (Tex.App.--Austin 1991, no writ).
[26] *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).
[27] *See, e.g., Patterson v. Best Buy Stores, L.P.*, No. H-07-4513, 2008 WL 744812 (S.D. Tex. 2008); *Hansen v. State Farm Lloyds*, No. H-01-1457, 2001 WL 34109375 (S.D. Tex. 2001); *Ardila v. State Farm Lloyds*, No. H-01-0454, 2001 WL 34109378 (S.D. Tex. 2001); *Bailey v. State Farm Lloyds*, No. H-00-3638, 2001 WL 34106907 (S.D. Tex. 2001).

18.     Further exacerbating the situation is Plaintiff's reaction when notified that it had pursued the wrong Chubb entity.  Rather than leaving Federal alone as the proper party, Plaintiff instead amended its petition to include Gordon.  This could have been done in its Original Petition, but done so now, the action appears questionable at best.  Emphasizing the point is that Plaintiff's First Amended Petition is devoid of any factual allegation against Gordon other than his employment by Federal.  As such, Gordon's addition constitutes fraudulent joinder and federal jurisdiction is proper.

## V.
## CONCLUSION

19.     Plaintiff's live petition in this case does not provide any factual allegations to support its claims against Gordon individually, thus failing to provide fair notice of the grounds upon which its claims rest in violation of Federal Rule of Civil Procedure 8.  Gordon's residence and citizenship should not be regarded because he is fraudulently joined.

20.     Plaintiff is a citizen of Texas.  Defendant Federal is an Indiana corporation with its principal place of business in Warren, New Jersey; therefore, pursuant to 28 U.S.C. § 1332(c)(1), Federal was at the time this action was commenced and is now a citizen of Indiana and New Jersey.  Further, because the amount in controversy exceeds $75,000, the Court has subject matter jurisdiction based on diversity of citizenship.[28]  As such, this removal action is proper.

21.     Federal demanded a jury in the State Court Action, and demands a jury in this action.

WHEREFORE, Federal Insurance Company respectfully requests that the above entitled action be removed from the 281st Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas.

---

[28] 28 U.S.C. § 1132.

8

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By:    /s/ Christopher W. Martin
          Christopher W. Martin
          TBA No. 13057620
          Federal ID No. 13515

ATTORNEY-IN-CHARGE FOR DEFENDANT,
FEDERAL INSURANCE COMPANY

OF COUNSEL:

Vasilia M. Wilkes
TBA No. 24051452
Federal I.D. No. 955230
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis Street, Suite 1800
Houston, Texas 77002
Telephone:  (713) 632-1700
Facsimile:  (713) 222-0101

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the Defendant's Notice of Removal has been forwarded by certified mail, return receipt requested, on this the 29th day of July, 2010 to:

Roy Camberg
The Camberg Law Firm, P.C.
17225 El Camino Real, Suite 444
Phone:  (281) 486-6900
Fax:  (281) 486-4695

/s/ Vasilia M. Wilkes
Vasilia M. Wilkes